BOARD OF EDUCATION OF ADRIAN v. EDWARD COOPER and Others.[1]

June 15, 1906.

Nos. 14,774—(131).

Appeal by plaintiff from a judgment of the district court for Nobles county entered pursuant to the findings and order of P. E. Brown, J. Affirmed.

*A. J. Daley*, for appellant.

*C. M. Crandall* and *Geo. W. Wilson & Son*, for respondents.

PER CURIAM.

This action was brought by plaintiff to recover upon the bond given to it by defendant Cooper, its treasurer. It appears without dispute that defendant Cooper was elected treasurer of plaintiff school district in 1903, for the term of one year; that he duly qualified, and received from his predecessor in office the sum of $2,198.43 in money, and certain time certificates of deposits issued by the Adrian Exchange Bank, aggregating $2,060, payable in July, 1904, nearly a year after he entered upon the discharge of his duties. These certificates defendant deposited in the bank with which he was doing business, in his name as treasurer of the district, and he was credited the face value of the same. It further appears that the bank issuing the certificates subsequently, at the time they were due, paid to the bank presenting them the face value with interest. It is insisted in this action that Cooper is responsible to the district for the interest which accrued and was paid thereon. The contention is without merit. Cooper was treasurer, and as such chargeable with responsibility for the school funds. He was not required by any law to which our attention has been called to permit the money represented by the certificates to remain on deposit in the Exchange Bank, and he was fully justified in converting them into money as he did.

It is also claimed that defendant Cooper mingled his own funds with those of the school district, and used them during the time he was in office in his

[1] Reported in 107 N. W. 1133.

private, affairs, and it is urged that he is liable to the district for interest on the funds so used. The court below found as facts that defendant deposited the money of the school district with his own money, and that he checked from the fund indiscriminately, but also found that he was ready, able, and willing at all times to pay whatever orders might be drawn against the school fund by the school officers, that he did so, and at his retirement from office fully accounted for all moneys received by him during his term.

We find nothing in this claim to justify an extended opinion. The findings of the trial court are sustained by the evidence, and the judgment appealed from is affirmed.

Judgment affirmed.